IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Good, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   15 C 7777 |
| Medicredit, Inc., a Missouri corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Linda Good, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Linda Good ("Good"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for medical services, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Medicredit operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Medicredit was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Medicredit is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Medicredit is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Good is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to NMG Presbyterian for medical services. Although she was making payments on that bill, it was referred to Medicredit for collection, and when Medicredit began trying to collect this debt from Ms. Good, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Medicredit's collection actions.

8. Specifically, Medicredit called and wrote to Ms. Good at the end of March,

2015.  A copy of the collection letter Medicredit sent to Ms. Good is attached as Exhibit C.

9. Accordingly, on April 21, 2015, one of Ms. Good's attorneys at LASPD informed Medicredit, in writing, that Ms. Good was represented by counsel, and directed Medicredit to cease contacting her, and to cease all further collection activities.  A copy of this letter is attached as Exhibit D.

10. Nonetheless, Defendant Medicredit sent a collection letter, dated May 19, 2015, directly to Ms. Good, which demanded payment of the medical debt.  A copy of this letter is attached as Exhibit E.  Additionally, Defendant Medicredit called Ms. Good, including, but not limited to a telephone call on June 11, 2015 from telephone number 888-215-9688 to demand payment of the debt.

11. Accordingly, on June 15, 2015 one of Ms. Good's LASPD attorneys had to write to Defendant Medicredit to demand, yet again, that it cease communications and cease collection of the debt.  Copies of this letter and the fax confirmation are attached as Exhibit F.

12. Defendant Medicredit's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Medicredit's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Good's agent/attorney, LASPD, told Defendant Medicredit to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Medicredit violated § 1692c(c) of the FDCPA.

17. Defendant Medicredit's violation of § 1692c(c) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Medicredit knew that Ms. Good was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Medicredit to cease directly communicating with her.  By directly sending Ms. Good the May 19, 2015 letter (Exhibit E) and directly calling Ms. Good, despite being advised that

she was represented by counsel, Defendant Medicredit violated § 1692c(a)(2) of the FDCPA.

21. Defendant Medicredit's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Good, prays that this Court:

1. Find that Defendant Medicredit's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Good, and against Defendant Medicredit, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Good, demands trial by jury.

Linda Good,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 3, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com